IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | NO. 05-CR-532 |
| ANTHONY SPRUILL | : | |

**SURRICK, J.**                                                                **OCTOBER 6, 2006**

### MEMORANDUM & ORDER

Presently before the Court is Defendant Anthony Spruill's pro se Motion For Judgment Of Acquittal And Motion For A New Trial (Doc. No. 72) and the Government's Response in opposition thereto (Doc. No. 73).  For the following reasons, Defendant's Motion will be denied.

**I.     BACKGROUND**

Defendant Anthony Spruill was indicted on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One).  On May 25, 2006 defendant was found guilty by a jury.  On the verdict sheet, the jury unanimously agreed that the amount of cocaine involved was five kilograms or more.  (Doc. No. 69.) Defendant now seeks relief pursuant to Federal Rules of Criminal Procedure 29 and 33 on the grounds that the evidence was not sufficient to support a finding that Defendant knowingly possessed cocaine with the intent to distribute.[1]

---

[1] In his initial motion Defendant indicated an intention to supplement his Motion "with specificity upon receipt of the completed transcript."  Defendant has failed to do so.

**II.     LEGAL STANDARD**

In considering a post-verdict motion for judgment of acquittal under Rule 29,[2] we must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  The evidence must be examined as a whole in the light most favorable to the prosecution, with the presumption being that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences.  *See United States v. Iafelice,* 978 F.2d 92, 94 (3d Cir. 1992).  The verdict of the jury must be upheld unless, viewing the evidence in this fashion, no rational jury could have found the defendant guilty beyond a reasonable doubt.  *Jackson,* 443 U.S. at 319; *United States v. Ashfield,* 735 F.2d 101, 106 (3d Cir. 1984).

Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, the court may exercise its discretion to grant a defendant a new trial if required in the interest of justice.[3]  Such motions should be granted sparingly and only where the failure to do so would result in a miscarriage of justice.  *See United States v. Copple,* 24 F.3d 535, 547 n.17 (3d Cir. 1994).  In

---

[2] Federal Rule of Criminal Procedure 29(a) provides, in pertinent part: "[t]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  The "sole foundation upon which a judgment of acquittal should be based is a successful challenge to the sufficiency of the government's evidence." *United States v. Frumento,* 426 F. Supp. 797, 802 n.5 (E.D. Pa. 1976) *quoted in United States v. Carter,* 966 F. Supp. 336, 340 (E.D. Pa. 1997); *see also* 2A Charles Alan Wright, *Federal Practice and Procedure* § 466 (3d ed. 2000) ("There is only one ground for a motion for a judgment of acquittal.  This is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment or information." (internal quotation omitted)).

[3] Federal Rule of Criminal Procedure 33(a) provides, in pertinent part:  "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

considering a motion under Rule 33, "[t]he court may weigh the evidence, but may set aside the verdict and grant a new trial only if it determines that the verdict constitutes a miscarriage of justice, or if it determines that an error at trial had a substantial influence on the verdict." *United States v. Enigwe,* Crim. A. No. 92-00257, 1992 WL 382325, at *4 (E.D. Pa. Dec. 9, 1992) (citation omitted). In contrast to a motion under Rule 29, a motion for a new trial does not require the court to view the evidence in the light most favorable to the government. Rather, the court must weight the evidence and evaluate the credibility of witnesses. *See United States v. Rennert,* No. Crim. A. 96-51, 1997 WL 597854, at *17 (E.D. Pa. Sept. 17, 1997) (citing *United States v. Martinez,* 763 F.2d 1297, 1312 (11th Cir. 1985)).

### III. LEGAL ANALYSIS

Defendant argues that the evidence presented at trial was legally insufficient to support the jury's finding that Defendant possessed cocaine with the intent to distribute. Defendant's argument is wholly devoid of merit.

As mentioned above, we consider Defendant's Rule 29 Motion viewing the evidence in the light most favorable to the prosecution. *See Iafelice*, 978 F.2d at 94. The verdict must be sustained unless "'no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.'" *United States v. Stratton*, No. Crim. A. 99-326, 2000 WL 892840, at *3 (E.D. Pa. July 6, 2000) (quoting *United States v. Coleman,* 811 F.2d 804, 807 (3d Cir. 1987) (citation omitted)). "The evidence need not unequivocally point to the defendant's guilt as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Pungitore*, 910 F.2d 1084, 1129 (3d Cir. 1990).

In order to establish Defendant's guilt, the Government was required to prove 1) that Defendant possessed cocaine, 2) that Defendant knew that he possessed cocaine, and 3) that Defendant possessed the cocaine with the intent to distribute it.  *See* 21 U.S.C. § 841(a)(1).

The following facts were established by the testimony and evidence presented at trial. On May 10, 2005, Special Agent Edward J. Gallant III of the Federal Bureau of Investigation learned that the Philadelphia Police Department had issued a warrant for Defendant.  (May 23, 2006 Trial Tr. at 7.)  Subsequently, Gallant arrested Defendant in the Strawberry Mansion area of Philadelphia.  (*Id.*)  Gallant along with Detective Sean Brennan transported Defendant to the Philadelphia Police Department in an unmarked police car.  While in the car, Gallant advised Defendant not to speak but to listen.  Gallant explained to Defendant that he was under investigation for federal drug trafficking charges and that the FBI had arrested several individuals who had received drugs from Defendant.  Gallant indicated that Defendant would eventually be indicted on the federal charges, and that Defendant should consider cooperating with the FBI.  (*Id.* 8-9.)  The next day, while incarcerated, Defendant called Gallant and requested that Gallant meet with him at the correctional facility.  (*Id.* at 10.)  On May 12th, Gallant and Brennan met with Defendant at the correctional facility and Defendant gave a voluntary statement to Gallant.  (*Id.* at 12.)  Defendant later gave two more voluntary statements to Gallant.  (*Id.* at 28-29; 43-44)

During these interviews, Defendant told Gallant that he was trafficking in as much as thirty kilograms of cocaine a month during 2003 and 2004.  (*Id.* at 16.)  He also told Gallant that Alexander Medley was his supplier, and that he had paid Medley as much as $700,000 for one large shipment of cocaine.  (*Id.* at 17.)  He also told Gallant that he paid Medley approximately

4

$24,000 a kilogram for cocaine.  (*Id.*)  In April 2003, Defendant was provided half a kilogram of cocaine by Medley.  (*Id.* at 48.)  Other transactions with Medley involved twelve, fifteen, and thirty kilograms of cocaine.  (*Id.* at 50.)  Gallant testified that Defendant told him he had delivered at least seventy-two kilograms of cocaine.  (*Id.* at 55-56.)  Defendant explained to Gallant that he supplied cocaine and/or crack to Jermain Burston, Vernon Douglas, Reginald Alexander, and Malik Mohammed.  (*Id.* at 27-28; 36-37.)  Defendant also stated that he had been providing Antonio Williams with kilogram quantities of cocaine.  (*Id.* at 33.)

Jermain Burston testified at trial that Defendant supplied him with crack cocaine for about a year and a half, and that the amounts of crack cocaine he bought from Defendant ranged from four and a half ounces to eighteen ounces.  (May 24, 2006 Trial Tr. at 46-48.)  Burston further testified that he was with Defendant when Defendant gave approximately nine ounces of cocaine to another individual named Spider.[4]  (*Id.* at 54-55.)  On another occasion, Burston observed Defendant demand payment from Spider and Spider give Defendant money.  (*Id.* at 56-57.)

Ricardo Castro also testified at trial that he supplied cocaine on behalf of his father-in-law, Alexander Medley, to Defendant on approximately five to eight occasions in 2002 and 2003 and in amounts ranging from two kilograms to fifteen kilograms.  (*Id.* at 95-97; 99-100; 105.)  Typically, Castro would not supply Defendant with a new quantity of cocaine until Defendant had paid in full for the previous quantity.  (*Id.* at 103-04.)  Defendant paid Castro in installments, approximately $100,000 for five kilograms.  (*Id.* at 104.)

Special Agent Gallant testified that Defendant had told him that he stored cocaine in his

---

[4] Spider is the street name for Vernon Douglas.  (May 23, 2006 Trial. Tr. at 28.)

apartment at 2201 Bryn Mawr Avenue in Philadelphia and in the car of Derrick Shaw, his business partner. (May 23, 2006 Trial Tr. at 20-23.) Defendant also said that he kept a pistol, rifle and machine gun in his apartment, as well as money. (*Id.* at 24-25.) Gallant later confirmed that the apartment in question was leased to Defendant's wife. (*Id.* at 25-26.) Gallant had observed Defendant's vehicle parked behind the apartment building in November 2004. (*Id.* at 26-27.)

Viewing the evidence and the logical inferences to be drawn therefrom in the light most favorable to the government, we are satisfied that there is more than sufficient evidence to support the jury's conclusion that Defendant knowingly possession cocaine with the intent to distribute it. Defendant described his drug-trafficking activities in detail during the three interviews with Gallant. Much of the information that he gave to Gallant was corroborated by the testimony of Burston, who bought drugs from Defendant, and Castro, who delivered cocaine to Defendant. While Defendant questioned the accuracy of the testimony of Burston and Castro during the trial, the jury was entitled to assess the credibility of the witnesses and to weigh the testimony of each in considering all of the evidence and testimony offered at trial.

The evidence against this Defendant was overwhelming. We are satisfied that the evidence and testimony presented at trial was more than sufficient to permit the jury to find beyond a reasonable doubt that Defendant knowingly possessed cocaine with the intent to distribute. Moreover, we are satisfied that there was no miscarriage of justice here. Accordingly, Defendant's Motion for judgment of acquittal or a new trial will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | NO. 05-CR-532 |
| ANTHONY SPRUILL | : | |

## ORDER

AND NOW, this 6th day of October, 2006 upon consideration of Defendant Anthony Spruill's Pro Se Motion For Judgment Of Acquittal And Motion For A New Trial (Doc. No. 72) and after a review of the evidence and testimony presented at trial, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s/ R. Barclay Surrick
U.S. District Court Judge Judge